UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | | |
|---|---|---|
| LISETTE MURADO, | } | Case No. 0:17-cv-62179 |
| PLAINTIFF | } | |
| | } | COMPLAINT FOR DAMAGES |
| v. | } | 15 U.S.C. § 1692, et seq. |
| | } | Fla. Stat. § 559.55, et seq. |
| FROST-ARNETT COMPANY, | } | 47 U.S.C. § 227, et seq. |
| DEFENDANTS | } | **JURY TRIAL REQUESTED** |
| _____/ | | |

## COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

1. Plaintiff LISETTE MURADO, through her attorney, brings this action to challenge the actions of Defendant FROST-ARNETT COMPANY, for unlawful conduct in connection with debt collection activity.

2. The Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"), was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place

an inordinate burden on the consumer." TCPA, Pub.L. No. 102-243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call...." *Id.* at §§ 12-13. *See also*, *Mims*, 132 S. Ct. at 744.

5. The Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA") was designed to protect citizens from such abuses perpetrated by debt collectors like the ones described in this complaint, and to protect citizens like Plaintiff. "There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* at § 1692(a)

6. After the U.S. Congress passed the FDCPA, the Florida state legislature decided it wanted to go even further to protect its citizens from the rampant abuses perpetrated by debt collectors. To this end, the Florida state legislature passed the Florida Consumer Collections Practices Act, Fla. Stat. §§ 559.55-559.785 ("FCCPA"). The FCCPA was designed to protect consumers from harassment like the type described within this complaint, and to protect consumers like Plaintiff. "In the event of any

inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail." *Id.* at § 559.552.

7. Plaintiff makes the allegations below on information and belief, with the exception of those allegations that pertain to Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

8. This action partially arises out of Defendants' violations of the Fair Debt Collection Practices Act (FDCPA) and the Telephone Consumer Protection Act (TCPA), over which the U.S. District Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331; 15 U.S. Code § 1692, et seq.; 47 U.S.C. § 227, et seq.; and *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012), and the Florida Consumer Collections Practices Act (FCCPA), over which the U.S. District Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

9. Because Defendant conducts business in the State of Florida by repeatedly contacting Florida residents while attempting to collect upon consumer debts, or by repeatedly contacting Florida residents while attempting to engage in other forms of business, personal jurisdiction is established.

10. Because all tortious conduct occurred while Plaintiff resided in the City of Miramar, County of Broward, and witnesses are located within such locations, venue is proper in this court.

## PARTIES AND DEFINITIONS

11. Plaintiff is a natural person.

12. Defendant is a "debt collector" as such term is described by the FDCPA, 15 U.S.C. § 1692a(6) and the FCCPA, Fla. Stat. § 559.55(7) because Defendant used instrumentalities of interstate commerce within this state, the principal purpose of which is the collection of debts. Additionally or

alternatively, Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

13. Plaintiff was allegedly obligated to pay a "debt," as such term is described by the FDCPA, 15 U.S.C. § 1692a(5) and the FCCPA, Fla. Stat. § 559.55(6) because she was allegedly obligated to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes; namely, she was allegedly obligated to pay for personal medical debt.

14. Plaintiff is a "debtor" and a "consumer" as those terms are described by the FDCPA, 15 U.S.C. § 1692a(3) and the FCCPA, Fla. Stat. § 559.55(8) because he was allegedly obligated to pay a debt.

15. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of Florida, and therefore is and was a "person" as such term is described by the TCPA, 47 U.S.C. § 153(39).

16. Defendant is, and at all times mentioned herein was, a corporation and therefore is and was a "person" as such term is described by the TCPA, 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

17. On or before June 30, 2017, Defendant initiated debt collection procedures against Plaintiff regarding alleged personal medical debt, and in so doing, Defendant mailed Plaintiff a debt collection letter (also known as a dunning notice).

18. On June 30, 2017, Plaintiff mailed Defendant a letter containing a written demand for validation, a demand that Defendant ceases all communication with Plaintiff (outside of the singular exception of providing written validation of the alleged debt), and notification that all times to contact Plaintiff were inconvenient.

19. Between June 30, 2017 and November 8, 2017, Defendant called Plaintiff on Plaintiff's cell phone at least four times to collect upon the alleged personal medical debt. Each call was placed using equipment with the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers – such equipment is also known as an "automatic telephone dialing system" or an "ATDS."

20. Plaintiff does not owe and has never owed the alleged personal medical debt that Defendant is and was attempting to collect. Additionally, during at least one of the phone calls described in paragraph 19, above, and prior to the last phone call, Plaintiff informed Defendant that Plaintiff did not owe and has never owed the alleged personal medical debt.

## FIRST CLAIM FOR RELIEF

**Violation of the FDCPA, 15 U.S.C. § 1692, et seq.**

21. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1-20, as if fully set forth herein.

22. By contacting Plaintiff for the purposes of collecting upon an alleged debt that Plaintiff does not actually owe in the manner alleged by Defendant, Defendant has falsely represented the character, amount, or legal status of a debt, and has engaged in illegal practices under the FDCPA, 15 U.S.C. § 1692e(2)(A).

23. By contacting Plaintiff for the purposes of collecting upon an alleged debt that Plaintiff does not actually owe in the manner alleged by Defendant, Defendant has used false representations or deceptive means to collect on a debt, and has engaged in illegal practices under the FDCPA, 15 U.S.C. § 1692e(10).

24. By contacting Plaintiff for the purposes of collecting upon an alleged debt that Plaintiff does not actually owe in the manner alleged by Defendant, Defendant has used unfair and unconscionable means to collect or attempt to collect a debt, including the collection of an amount not expressly authorized by an agreement creating the debt or permitted by law, and has engaged in illegal practices under the FDCPA, 15 U.S.C. § 1692f(1).

25. By contacting Plaintiff for the purposes of collecting upon an alleged debt at a time or place known to be inconvenient to Plaintiff, Defendant has engaged in illegal practices under the FDCPA, 15 U.S.C. § 1692c(a)(1).

26. By contacting Plaintiff for the purposes of collecting upon an alleged debt after receiving written notification that Plaintiff wished Defendant cease further communication with Plaintiff, Defendant has engaged in illegal practices under the FDCPA, 15 U.S.C. § 1692c(c).

27. By contacting Plaintiff for the purposes of collecting upon an alleged debt after receiving written notification that Plaintiff disputed the alleged debt and without having provided Plaintiff with validation of the alleged debt, Defendant has engaged in illegal practices under the FDCPA, 15 U.S.C. § 1692g(b).

28. The FDCPA provides for actual damages sustained as a result of violation of the statute, 15 U.S.C. § 1692k(a)(1).

29. The FDCPA provides for statutory damages of $1,000.00 for violation of the statute, 15 U.S.C. § 1692k(a)(2).

30. The FDCPA provides for reasonable attorney's fees and costs in any successful action, 15 U.S.C. § 1692k(a)(3).

31. 15 U.S.C. § 1692k(a)(1) entitles Plaintiff to actual damages for Defendant's violations of the FDCPA, 15 U.S.C. § 1692, et seq., and Plaintiff is so entitled.

32. 15 U.S.C. § 1692k(a)(2) entitles Plaintiff up to $1,000.00 in statutory damages for Defendant's violations of the FDCPA, 15 U.S.C. § 1692, et seq., and Plaintiff is so entitled.

33. 15 U.S.C. § 1692k(a)(3) entitles Plaintiff to reasonable attorney's fees and costs upon successful prosecution of this action, and Plaintiff is so entitled.

WHEREFORE, Plaintiff respectfully requests that this Court enters judgment against Defendant AFNI, INC and provides Plaintiff with the following relief:

(a) Actual damages in the maximum amount the court deems proper and may provide;

(b) Statutory damages in the amount of $1,000.00;

(c) Reasonable attorney's fees and costs;

(d) And any other relief as the court deems proper and may provide.

Plaintiff requests a jury for all claims so triable.

## SECOND CLAIM FOR RELIEF

**Violation of the FCCPA, Fla. Stat. § 559.55, et seq.**

34. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1-20, as if fully set forth herein.

35. By contacting Plaintiff for the purposes of collecting upon an alleged debt that Plaintiff does not actually owe in the manner alleged by Defendant while having actual knowledge that Plaintiff does not actually owe said alleged debt, Defendant claimed, attempted, or threatened to enforce a debt when

Defendant knew such debt was not legitimate, and therefore has engaged in illegal practices under the FCCPA, Fla. Stat. § 559.72(9).

36. The FCCPA provides for actual damages for violation of the statute, Fla. Stat. § 559.77(2).

37. The FCCPA provides for statutory damages of $1,000.00 for violation of the statute, Fla. Stat. § 559.77(2).

38. The FCCPA provides for reasonable attorney's fees and costs in any successful action, Fla. Stat. § 559.77(2).

39. The FCCPA provides for a court to impose punitive damages and such equitable relief as it deems necessary or proper, including enjoining the defendant from further violations of this part, Fla. Stat. § 559.77(2).

40. Fla. Stat. § 559.77(2) entitles Plaintiff to actual damages for Defendant's violations of the FCCPA, Fla. Stat. § 559.72, et seq., and Plaintiff is so entitled.

41. Fla. Stat. § 559.77(2) entitles Plaintiff to $1,000.00 in statutory damages for Defendant's violations of the FCCPA, Fla. Stat. § 559.72, et seq., and Plaintiff is so entitled.

42. Fla. Stat. § 559.77(2) entitles Plaintiff to punitive damages for Defendant's violations of the FCCPA, Fla. Stat. § 559.72, et seq., and Plaintiff is so entitled.

43. Fla. Stat. § 559.77(2) entitles Plaintiff to equitable relief for Defendant's violations of the FCCPA, Fla. Stat. § 559.72, et seq., and Plaintiff is so entitled.

44. Fla. Stat. § 559.77(2) entitles Plaintiff to reasonable attorney's fees and costs upon successful prosecution of this action, and Plaintiff is so entitled.

WHEREFORE, Plaintiff respectfully requests that this Court enters judgment against Defendant and provides Plaintiff with the following relief:

(a) Actual damages in the maximum amount the court deems proper and may provide;

(b) Statutory damages in the amount of $1,000.00;

(c) Punitive damages in the maximum amount as the court deems proper and may provide;

(d) Equitable relief as the court deems proper and may provide;

(e) Reasonable attorney's fees and costs;

(f) And any other relief as the court deems proper and may provide.

Plaintiff requests a jury for all claims so triable.

## THIRD CLAIM FOR RELIEF

**Violation of the TCPA, 47 U.S.C. § 227, et seq.**

45. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1-20, as if fully set forth herein.

46. By calling Plaintiff's cell phone at least four times while using an automatic telephone dialing system and for the purposes of collecting upon an alleged debt, after Plaintiff had revoked consent to be contacted (and, as far as Plaintiff can remember, never gave such consent in the first place), Defendant has engaged in illegal practices under the TCPA, 47 U.S.C. 227(b)(1)(A)(iii).

47. Upon information and belief, these violations of the TCPA were knowing or willful because Defendant has written multiple blog posts, posted on its website, discussing various aspects of the TCPA and its interpretation and so Defendant very aware of its requirements.

48. The TCPA provides for statutory damages of $500.00 per call made in violation of the statute, 47 U.S.C. § 227(b)(3).

49. The TCPA provides for treble damages, an additional $1,000.00 per call made in violation of the statute, for a total of $1,500.00 per call, if the violations were willful or knowing, *Id.*

50. Plaintiff is entitled to $500.00 in statutory damages per violating call, *Id.*

51. Plaintiff is entitled to an additional $1,000.00 in treble statutory damages per violating call, for a total of $1,500.00 per violating call, due to the knowing or willful nature of the violations, *Id.*

WHEREFORE, Plaintiff respectfully requests that this Court enters judgment against Defendant and provides Plaintiff with the following relief:

(a) Statutory damages in the amount of $500.00 per each violating call;

(b) Treble statutory damages in the amount of an additional $1,000.00 per each violating call, for a total of $1,500.00 per each violating call;

(c) And any other relief as the court deems proper and may provide.

Plaintiff requests a jury for all claims so triable.

Respectfully submitted this 8th day of November, 2017,

By Plaintiff's attorney: /s/ Nicholas Michael Murado
Nicholas Michael Murado
Florida Bar # 102769
Murado Law, P.A.
2010 S.W. 99th Avenue
Miramar, Florida, 33025
Telephone: 754-816-2196
E-mail: muradolaw@gmail.com